# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ELVIS AARON RICCARDI, | No. 1:19-CV-01289 |
|---|---|
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| SUPERINTENDENT BARRY SMITH, and PA ATTORNEY GENERAL, | |
| Respondents. | |

## ORDER

**MARCH 26, 2020**

Elvia Aaron Riccardi, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Riccardi raises nineteen claims in total, many alleging ineffective assistance of counsel or prosecutorial misconduct.[2]

On January 27, 2020, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition.[3] First, Magistrate Judge Carlson recommends that five of Riccardi's claims are procedurally defaulted and otherwise without merit.[4] Second, Magistrate Judge Carlson concludes that

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 17.
[4] *Id.* at 20-26.

Riccardi's remaining claims are without merit.[5] On February 11, 2020, Riccardi belatedly placed his objections to the Report and Recommendation in the prison mail system.[6]

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[7] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[8] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[9]

Riccardi's objections are both untimely and non-specific, and Magistrate Judge Carlson's recommendations are therefore properly reviewed only for clear error. Nevertheless, even reviewing the recommendations de novo, the Court finds no error in Magistrate Judge Carlson's conclusions that Riccardi's claims are either

---

[5] *Id.* at 26-44.
[6] Doc. 18. Objections were due on or before February 10, 2020.
[7] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).
[8] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).
[9] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

procedurally defaulted or without merit.[10]  Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 17) is **ADOPTED**;

2. Riccardi's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[11] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[10] The Court concludes that Riccardi properly exhausted his claim that the trial court erred in permitting Riccardi's codefendant to invoke his Fifth Amendment right against self-incrimination by appealing that issue to the Supreme Court of Pennsylvania. (*See* Tr. at 586-90; 730-33). Although Riccardi did not present this issue in his petition for collateral relief, he was "only required to invoke '*one* complete round' of the state's established appellate process to satisfy the exhaustion requirement." *Villot v. Varner*, 373 F.3d 327, 338 (3d Cir. 2004) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). *See Wilkerson v. Superintendent Fayette SCI*, 871 F.3d 221, 228-29 ("A petitioner seeking § 2254 relief from a Pennsylvania conviction exhausts his state remedies for a federal claim either by raising the claim on direct appeal or in a petition for collateral relief under the PCRA"). Although this claim was properly exhausted, the Court agrees with Magistrate Judge Carlson that it is without merit.

[11] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).